**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-4420**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHRISTOPHER KIRK GRAY,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of Virginia, at Danville.  James P. Jones, Senior District Judge.  (4:09-cr-00029-JPJ-3)

─────────────

Submitted:  May 16, 2025               Decided:  July 8, 2025

─────────────

Before HARRIS and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Mary E. Maguire, Federal Public Defender, Erin Trodden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  Zachary T. Lee, Acting United States Attorney, Jonathan Jones, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Kirk Gray appeals the 48-month sentence imposed upon revocation of his supervised release. On appeal, Gray argues that his sentence is procedurally unreasonable because the district court erroneously found that the Bureau of Prisons ("BOP") could adequately treat his cancer. Gray also argues that his sentence is substantively unreasonable because the court erroneously prioritized the need to incarcerate him over his need for required medical care. Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. This [c]ourt will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Before deciding "whether a revocation sentence is plainly unreasonable, this [c]ourt must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, applying "the same procedural and substantive considerations that guide [its] review of original sentences," but taking "a more deferential appellate posture than [it] do[es] when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up). "[I]f a sentence is either procedurally or substantively unreasonable," only then will we address "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United*

2

*States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (cleaned up). At a minimum, the district court must explain the sentence sufficiently to permit meaningful appellate review "with the assurance that the court considered any potentially meritorious arguments raised by [the defendant] with regard to his sentencing." *United States v. Gibbs*, 897 F.3d 199, 205 (4th Cir. 2018) (cleaned up).

"A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted). "A sentence within the policy statement range is presumed reasonable, though the sentencing court retains broad discretion to impose a term of imprisonment up to the statutory maximum." *Padgett*, 788 F.3d at 373 (cleaned up).

When considering a district court's findings supporting a chosen sentence, this court "review[s] its legal conclusions de novo and its factual findings for clear error." *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014). "Clear error occurs when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (cleaned up). Importantly, "[s]entencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence." *Id.* (internal quotation marks omitted). Moreover, "the traditional rules of evidence are not

3

applicable to sentencing proceedings, and the court may give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *Id.* (cleaned up).

In asserting that his revocation sentence is procedurally unreasonable, Gray argues that the district court erroneously found that the BOP could adequately care for his unique form of cancer. While Gray acknowledges that the Government presented evidence that the BOP could provide him with the drugs he was currently prescribed, Gray asserts that the evidence failed to establish that the BOP could closely monitor his condition.

We conclude that the district court committed no clear error when it found that the BOP could provide the necessary care for Gray's cancer. *See Cox*, 744 F.3d at 308. First, the testifying BOP physician explained that she reviewed Gray's medical records and had no reservations about treating his cancer, and she indicated that she consulted with a BOP oncologist, who also had no concerns and confirmed that the BOP would be able to continue with the treatment plan formulated by Gray's private physician. The BOP physician also testified that the BOP could send Gray to outside specialists and oncologists, when necessary, and to outside hospitals and facilities for required procedures. And although defense counsel suggested that Gray's care may be interrupted if he was incarcerated, the BOP physician assured the court that the BOP would not interrupt Gray's treatment. We therefore conclude that, given the testimony and evidence before it, the district court could reasonably find that the BOP had the resources and capabilities necessary to care for Gray, including any necessary monitoring that was part of his

4

treatment plan.    Accordingly, we find that the district court did not clearly err in determining that the BOP could adequately care for Gray's cancer during his incarceration.

We also reject Gray's argument that his 48-month revocation sentence is substantively unreasonable because the district court gave too much weight to the need to incarcerate Gray.  Unlike typical sentences, revocation sentences are designed to primarily punish a defendant's "breach of trust."  U.S. Sentencing Guidelines Manual Ch. 7, pt. A(3)(b).  Nevertheless, 18 U.S.C. § 3583(e) directs district courts to consider many of the same § 3553(a) sentencing factors that are relevant to substantive criminal sentencings, such as the defendant's history and characteristics; the nature of the offense; the need for deterrence and protecting the public, and the need to provide medical care "in the most effective manner."  *See* 18 U.S.C. § 3553(a)(2)(D).

Importantly, "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors."  *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011).  Admittedly, courts must avoid exclusively focusing or relying on one sentencing consideration.  *See United States v. Friend*, 2 F.4th 369, 381 (4th Cir. 2021).  However, a defendant's mere "disagreement with the district court's weighing of the sentencing factors is not enough to find the sentence . . . unreasonable."  *Id*.  Rather, we will affirm an imposed sentence so long as "the totality of the circumstances indicates that the court had a proper basis for its conclusion that the defendant should receive the sentence imposed."  *Gibbs*, 897 F.3d at 204 (internal quotation marks omitted).

Because the imposed 48-month sentence here is below Gray's advisory policy statement range of 51 to 60 months in prison, it is presumptively reasonable.  *See United*

5

*States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) ("Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable."). Moreover, the district court expressly balanced the allowed § 3553 factors it deemed relevant, including Gray's serious medical needs and his repeated breaches of trust by distributing large quantities of methamphetamine while on supervised release. Indeed, it is undisputed that the district court was well aware of Gray's medical condition and struggled with incarcerating a defendant with serious medical needs.

But, exercising its considerable discretion, *see Patterson*, 957 F.3d at 436, the district court ultimately determined that prison time was necessary, specifically highlighting Gray's recidivism and egregious breaches of trust, as well as its finding that the BOP could adequately care for Gray's cancer. And while Gray suggests that the court should have given more weight to his need for medical care, his "disagreement with the district court's weighing of the sentencing factors" is insufficient to render the sentence unreasonable. *Friend*, 2 F.4th at 381. We therefore conclude that, under the totality of the circumstances, Gray's revocation sentence is substantively reasonable.

Gray's sentence is not unreasonable and therefore it is not plainly unreasonable. Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*